SAYAKA KARITANI, Bar No. 240122
skaritani@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

JERRY S. SALLEE (Ohio Bar #0013303)
Admitted *Pro Hac Vice*
jerry.sallee@dinsmore.com
DINSMORE & SHOHL LLP
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8378
Facsimile: (513) 977-8141

Attorneys for Defendants
PERMA PURE, LLC and MATTHEW POWERS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT

| | |
|---|---|
| JOHN HOCHBERGER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PERMA PURE, LLC, a New Jersey limited liability company; MATTHEW POWERS, an individual; and DOES 1 through 10, Inclusive,<br><br>　　　　Defendants. | Case No. 2:14-cv-01215-R-MAN<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>Hon. Manuel L. Real<br><br>Date: January 5, 2014<br>Time: 10:00 a.m.<br>Crtm: 8, Spring Street<br><br>Complaint Filed: February 19, 2014 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

Pursuant to Local Rules 56-1 and 56-4, Defendants PERMA PURE, LLC and MATTHEW POWERS (collectively "Defendants") submit the following Statement of Uncontroverted Facts and Conclusions of Law in Support of Defendants' Motion for Summary Judgment:

## UNCONTROVERTED FACTS

**CONCLUSION OF LAW NUMBER 1:  PLAINTIFF'S FIRST, SECOND, THIRD, FOURTH AND [FIRST] FIFTH[1] CAUSES OF ACTION FOR FAILURE TO PAY FOR ALL HOURS WORKED AND/OR OVERTIME, AND ANY "WAITING TIME PENALTIES" ASSOCIATED THEREWITH, FAIL AS A MATTER OF LAW BECAUSE PLAINTIFF NEVER INFORMED PERMA PURE, NOR DID PERMA PURE KNOW, HOW MANY HOURS PLAINTIFF WORKED ON ANY PARTICULAR DAY**

To prove his First through Fifth Causes of Action claiming the non-payment of wages for all hours worked, Plaintiff must show that that Perma Pure knew, or should have known, of the work. *Forrester v. Roth I.G.A. Foodliner, Inc.,* 646 F.2d 413, 414 (9th Cir. 1981).

| No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 1. | Defendants Perma Pure and Matthew Powers are located in Toms River, New Jersey. | Complaint, ¶ 8; Deposition of Plaintiff John Hochberger,[2] Exh. 3; Declaration of Matthew Powers, ¶ 2. |
| 2. | Plaintiff was based out of his home in Los Angeles, California. | Complaint, ¶¶ 1 and 13; Powers Decl., ¶ 2. |

---

[1] Plaintiff has two separate "Fifth" Causes of Action in his Complaint.

[2] All cited deposition testimony of Plaintiff is attached as Exhibit A to the Declaration of Jerry Sallee and hereafter cited as "Plaintiff's Depo, line: page."

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 3. | Defendant Perma Pure produces and distributes highly sophisticated medical and scientific equipment throughout the United States and the rest of the world. | Plaintiff's Depo., Exh. 3. |
| 4. | Plaintiff was formerly the U.S. based Medical Sales Manager for Perma Pure, and was responsible for selling Perma Pure's products; *i.e.*, developing new applications for Perma Pure's products with existing customers, authorizing relationships with new and existing customers, and closing the deal with customers. | Plaintiff's Depo., 22:2-3, 27:18-20, and 31:23-25 and Exhs. 3 and 4; Powers Decl., ¶ 4. |
| 5. | Plaintiff has a Bachelor of Science in Metallurgical Engineering, and an M.B.A. | Plaintiff's Depo., 7:10-21. |
| 6. | As Perma Pure's Medical Sales Manager Plaintiff earned $90,000 per year, with the opportunity to earn $35,000 more per year in commissions. | Plaintiff's Depo., Exh. 6. |
| 7. | Plaintiff was not required to work a certain number of hours per week; he could start work and quit work when he wanted; he had no set holidays off, no set sick or PTO days, no regularly scheduled working hours, and no specifically identified working days. | Plaintiff's Depo., 52:14-54:11, 54:17-55:10, 55:12-56:4, 57:1-4, 57:10-17. |
| 8. | Plaintiff was free to travel domestically, without the necessity for advance approval from Perma | Plaintiff's Depo., 43:5-44:21, 62:9-13, 62:9-13. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
|  | Pure. |  |
| 9. | Perma Pure, in New Jersey, did not know how many hours Plaintiff, in California, worked on a particular day. | Plaintiff's Depo., 55:12-56:4. |
| 10. | The first time Plaintiff raised with Perma Pure the issue of hours he worked was after he was terminated and threatened Perma Pure with this lawsuit. | Powers Decl., ¶ 11. |

**CONCLUSION OF LAW NUMBER 2: PLAINTIFF'S FIRST, SECOND, THIRD, FOURTH AND [FIRST] FIFTH CAUSES OF ACTION FOR FAILURE TO PAY FOR ALL HOURS WORKED AND/OR OVERTIME, AND ANY "WAITING TIME PENALTIES" ASSOCIATED THEREWITH, FAIL AS A MATTER OF LAW BECAUSE PLAINTIFF WAS AN EXEMPT "ADMINISTRATIVE" EMPLOYEE**

Plaintiff cannot maintain his First through Fifth Causes of Action for non-payment of wages if he qualifies for the administrative exemption to the wage and hour laws. *Harris v. Superior Court,* 53 Cal. 4th 170, 178 (2011). The California Labor Code and the FLSA both exempt from overtime compensation "administrative" employees who meet the test of the exemption. An employee qualifies for the administrative exemption under the California Labor Code if he: (1) performs "office or nonmanual work directly related to management policies or general business operation" of his employer or customers; (2) customarily and regularly exercises "discretion and independent judgment;" (3) performs "under only general supervision;" (4) is primarily engaged in duties that meet the test of the exemption; and (5) earns twice the state's minimum wage. *D'Este v. Bayer*

*Corp.,* 492 F. Appendix 721, 722-23 (9th Cir. 2012). Likewise, an employee meets the test for the administrative exemption to the FLSA if: (1) he earns a salary of at least $455 per week; (2) his primary duty is the performance of nonmanual work directly related to the general business operation of the employer or the employer's customers; and (3) his primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. 20 CFR § 541.200.

The state and federal standards are construed in the same manner. *Harris, supra,* 53 Cal. 4th at 180.

Defendants Perma Pure and Powers hereby incorporate Uncontroverted Fact Nos. 1-10 above as though fully set forth herein.

**CONCLUSION OF LAW NUMBER 3: PLAINTIFF'S [SECOND] FIFTH CAUSE OF ACTION FOR BREACH OF CONTRACT FAILS BECAUSE NEITHER PLAINTIFF -- NOR ANY OTHER PERMA PURE SALESMAN – IS ENTITLED TO COMMISSION FOR A SALE UNLESS IT WAS COMPLETED WHILE THE SALESMAN WAS EMPLOYED THERE, AND THE COMMISSION WHICH PLAINTIFF CLAIMS HE WRONGFULLY WAS DENIED PERTAINS TO A SALE THAT DID NOT BECOME COMPLETE UNTIL AFTER PLAINTIFF'S TERMINATION**

With respect to the second Fifth Cause of Action for breach of contract due to Perma Pure's failure to count the Ikaria sale toward his commission, Plaintiff's right to commissions was dependent upon the goods being actually shipped prior to his termination. *See Division of Labor Standards Enforcement v. Dick Bullis, Inc.,* 72 Cal. App. 3d Supp. 52, 56 (1977) (a mere order that has not been physically delivered does not effectuate a sale to give rise to the right to commissions).

| | | |
|---|---|---|
| 11. | Pursuant to Perma Pure's Bonus/Commission Plan, Salesmen are not entitled to commissions for sales they make until the product has been shipped to the customer. | Powers Decl., ¶ 5. |
| 12. | Plaintiff claims he was not paid commission on an order he sold to a Perma Pure customer, Ikaria, in the Third Quarter of 2013; if Plaintiff had received the commission for that sale, he would have been entitled to $1,838.00. | Powers Decl., ¶¶ 8-9 and Exh. A (p. 1). |
| 13. | Ikaria could have canceled that order at any time before it was shipped. | Powers Decl., ¶¶ 5 and 9. |
| 14. | The Ikaria order for the Third Quarter of 2013 was not shipped until after Plaintiff was terminated. | Powers Decl., ¶ 9 and Exh. A (p. 5). |
| 15. | Without the benefit of the Ikaria order, Plaintiff was not entitled to any commission the Third Quarter of 2013. | Powers Decl., ¶ 9 and Exh. A (p. 5). |

**CONCLUSION OF LAW NUMBER 4: PLAINTIFF'S SIXTH AND EIGTH CAUSES OF ACTION FOR FRAUD AND MISREPRESENTATION[3] FAIL AS A MATTER OF LAW BECAUSE PERMA PURE'S REQUEST FOR HIM TO COME TO NEW JERSEY WAS SOMETHING PERMA PURE HAD THE RIGHT TO DO FOR ANY REASON, AND BECAUSE PLAINTIFF DID NOT SUFFER ANY DETRIMENT AS A RESULT OF MAKING THAT TRIP**

---

[3] There is no "Seventth Cause of Action" in Plaintiff's Complaint.

6
STMT. OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
CASE NO. CV14-1215-R-MAN

With respect to the Sixth and Eighth Causes of Action founded on Matthew Powers' statements of a false reason for the trip to New Jersey on December 3, and Perma Pure's failure to pay for any work on December 4, wrongful termination of employment ordinarily does not give rise to a cause of action for fraud or deceit, and Plaintiff must have damages distinguished from the termination itself. *Hunter v. Up-Right, Inc.,* 6 Cal. 4th 1174, 1178 (1993); *Schaldach v. Dignity Health*, 2013 U.S. Dist. LEXIS 73553, at *15 (E.D. Cal. 2013).

| | | |
|---|---|---|
| 16. | In the end of November 2013 Defendant Powers requested a meeting with Plaintiff to take place at either Plaintiff's home in California or Perma Pure headquarters in New Jersey, ostensibly for the purpose to discuss Plaintiff's sales performance with him, and Plaintiff elected to travel to New Jersey for that meeting. | Plaintiff's Depo., 116:16-117:23 and Exh. 20; Complaint, ¶¶ 14-15. |
| 17. | After Plaintiff arrived in New Jersey, he was informed on December 3, 2013 that Perma Pure was terminating his employment. | Powers Decl., ¶ 10; Complaint, ¶ 15. |
| 18. | On his original airline itinerary Plaintiff was scheduled to return to California on December 4, 2013, but after he was informed of his termination the morning of December 3, he called the airport that afternoon and heard there were seats available on flights; but when he got to the airport later that afternoon, all flights were full – Plaintiff had not booked a return flight to California when he had | Plaintiff's Depo., 118:8-16 and Exh. 21. |

| | | |
|---|---|---|
| | called the airport earlier that afternoon. | |
| 19. | Plaintiff returned to California the following day, December 4, but was not paid wages for that day, as he already had been terminated the preceding day. | Plaintiff's Depo., Exh. 21; Complaint, ¶¶ 58 and 63. |

Dated:   February 4, 2015                                   HIRSCHFELD KRAEMER LLP


                                                  By:     /s/  Sayaka Karitani
                                                            Sayaka Karitani

                                                  Jerry S. Sallee (Ohio Bar #0013303)
                                                  DINSMORE & SHOHL LLP

                                                  Attorneys for Defendants, PERMA PURE, LLC and MATTHEW POWERS


                                        ADOPTED

Dated: February 4, 2015

                                                  _____
                                                  Honorable Manuel L. Real

8

STMT. OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
CASE NO. CV14-1215-R-MAN