HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

CLOSED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT

| | |
|---|---|
| JOHN HOCHBERGER, | Case No. CV14-1215-R-MAN |
| Plaintiff, | |
| vs. | **JUDGMENT** |
| PERMA PURE, LLC, a New Jersey limited liability company; MATTHEW POWERS, an individual; and DOES 1 through 10, Inclusive, | Hon. Manuel L. Real |
| | Complaint Filed:  February 19, 2014 |
| Defendants. | |

The Court has considered the evidence and papers submitted in support of Defendants PERMA PURE, LLC'S and MATTHEW POWERS' Motion for Summary Judgment, Or in the Alternative, Partial Summary Judgment. Plaintiff John Hochberger failed to respond, and neither he nor his counsel appeared at the January 5, 2015 hearing on Defendants' Motion. After due consideration, the Court finds that Plaintiff has failed to present a genuine issue as to any material fact and that Defendants Perma Pure, LLC and Matthew Powers are entitled to judgment as a matter of law, as set forth below:

Summary judgment must be granted if the movant shows that there is no genuine dispute as to any material fact. Movant is then entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56(a).

To prove his First through Fifth Causes of Action claiming the non-payment of wages for all hours worked, Plaintiff must show that that Perma Pure knew, or should have known, of the work. *Forrester v. Roth I.G.A. Foodliner, Inc.,* 646 F.2d 413, 414 (9th Cir. 1981). Plaintiff presents no evidence that Perma Pure knew, or should have known, of the hours he worked. Plaintiff was located in California while defendants were located in New Jersey. Plaintiff had no scheduled hours and no set number of hours. In fact, Perma Pure did not have any idea how many hours he was working on any particular day. [Plaintiff's Deposition, at pp. 55 and 57.] In the absence of actual or constructive knowledge concerning his hours, the Court grants summary judgment on these causes of action.

Further, Plaintiff cannot maintain his First through Fifth Causes of Action for non-payment of wages if he qualifies for the administrative exemption to the wage and hour laws. *Harris v. Superior Court,* 53 Cal. 4th 170, 178 (2011). The California Labor Code and the FLSA both exempt from overtime compensation "administrative" employees who meet the test of the exemption. An employee qualifies for the administrative exemption under the California Labor Code if he:

1  (1) performs "office or nonmanual work directly related to management policies or
2  general business operation" of his employer or customers; (2) customarily and
3  regularly exercises "discretion and independent judgment;" (3) performs "under
4  only general supervision;" (4) is primarily engaged in duties that meet the test of
5  the exemption; and (5) earns twice the state's minimum wage. *D'Este v. Bayer*
6  *Corp.,* 492 F. Appendix 721, 722-23 (9th Cir. 2012).  Likewise, an employee
7  meets the test for the administrative exemption to the FLSA if: (1) he earns a salary
8  of at least $455 per week; (2) his primary duty is the performance of nonmanual
9  work directly related to the general business operation of the employer or the
10 employer's customers; and (3) his primary duty includes the exercise of discretion
11 and independent judgment with respect to matters of significance.  20 CFR
12 § 541.200.

13 The state and federal standards are construed in the same manner. *Harris,*
14 *supra,* 53 Cal. 4th at 180.  And Plaintiff easily passes both tests for the
15 administrative exemption.  First, Plaintiff sold as opposed to produced Perma
16 Pure's specialized products.  Second, he exercised discretion in researching and
17 contacting customers.  Third, he lived 3,000 miles away from his employer and the
18 supervisor and set his own schedule without their input.  Fourth, his primary duties
19 qualified for the exemption.  Fifth, he earned far in excess of federal and state
20 minimum wage.  Plaintiff's exempt status also supports the grant of summary
21 judgment on these causes of action.

22 With respect to Plaintiff's second Fifth Cause of Action[1] for breach of
23 contract due to Perma Pure's failure to count the Ikaria sale toward Plaintiff's
24 commission, his right to commissions was dependent upon the goods being
25 actually shipped prior to his termination.  *See Division of Labor Standards*
26 *Enforcement v. Dick Bullis, Inc.,* 72 Cal. App. 3d Supp. 52, 56 (1977) (a mere

---

[1] There are two "Fifth Causes of Action" in Plaintiff's Complaint.

3
[PROPOSED] JUDGMENT RE MOTION FOR SUMMARY JUDGMENT
CASE NO. CV14-1215-R-MAN

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

order that has not been physically delivered does not effectuate a sale to give rise to the right to commissions). Perma Pure follows a policy of not paying commissions until the product is shipped on the ground that the customer can reject the sale after it is booked. [Declaration of Matthew Powers, ¶ 5.] Accordingly, the Court grants summary judgment on the breach of contract claim.

Finally, with respect to the Sixth and Eighth Causes of Action[2] founded on Matthew Powers' statements of a false reason for the trip to New Jersey on December 3, and Perma Pure's failure to pay for any work on December 4, wrongful termination of employment ordinarily does not give rise to a cause of action for fraud or deceit, and Plaintiff must have damages distinguished from the termination itself. *Hunter v. Up-Right, Inc.,* 6 Cal. 4th 1174, 1178 (1993); *Schaldach v. Dignity Health*, 2013 U.S. Dist. LEXIS 73553, at *15 (E.D. Cal. 2013). Thus, the Court grants summary judgment on the fraud and negligent misrepresentations Causes of Action.

THEREFORE, IT IS NOW ORDERED, ADJUDGED, AND DECREED that judgment be entered as follows:

Plaintiff shall take nothing by his Complaint and the Complaint is dismissed in its entirety, with prejudice. Defendants are entitled to their costs pursuant to Local Rule 54-1 as the prevailing parties in this action.

IT IS SO ORDERED.

Dated: February 4, 2015

_____
The Honorable Manuel L. Real
United States District Court
Central District of California

---

[2] There is no "Seventth Cause of Action" in Plaintiff's Complaint.

4
[PROPOSED] JUDGMENT RE MOTION FOR SUMMARY JUDGMENT
CASE NO. CV14-1215-R-MAN

1  Respectfully submitted by:

3  Dated: February 6, 2015                    HIRSCHFELD KRAEMER LLP

                                              By:       /s/ Sayaka Karitani
                                                          Sayaka Karitani

                                              Jerry S. Sallee (Ohio Bar #0013303)
                                              DINSMORE & SHOHL LLP

                                              Attorneys for Defendants, PERMA PURE,
                                              LLC and MATTHEW POWERS

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

5

[PROPOSED] JUDGMENT RE MOTION FOR SUMMARY JUDGMENT
CASE NO. CV14-1215-R-MAN